for leave to file an unredacted appendix under seal granted. Certiorari denied. 

JUSTICE BREYER, with whom JUSTICE GINSBURG joins, dissenting.

The divided decision of the Court of Appeals makes clear that the question presented by this petition has no clear legal answer and is open to serious legal debate. Both parties agree that the question presented is important and warrants this Court's attention. See Pet. for Cert. 6–7; Pet. for Cert. in *United States of America* v. *Clinton*, O. T. 1997, No. 97–1924, p. 9. I recognize that a denial of certiorari is not a disposition on the merits of that question. See, *e. g., Equality Foundation of Greater Cincinnati, Inc.* v. *Cincinnati, ante,* p. 943 (STEVENS, J., respecting denial of certiorari). Nonetheless, whether or when other opportunities for this Court to consider the issue arise depends upon whether or when the President, or other Government employees, will risk disclosing to Government lawyers significant matters that, under the Court of Appeals' decision, are not privileged. They may very well choose the cautious course, holding back information from Government counsel, perhaps hiring outside lawyers instead. I believe that this Court, not the Court of Appeals, should establish controlling legal principle in this disputed matter of law, of importance to our Nation's governance. I would grant the petition for certiorari.

No. 98–376. JACKSON ET AL. *v.* BENSON ET AL. Sup. Ct. Wis. Motion of National School Boards Association for leave to file a brief as *amicus curiae* granted. Certiorari denied. JUSTICE BREYER would grant certiorari. 

No. 97–8139. KARRIEM *v.* UNITED STATES ET AL., 523 U. S. 1065;

No. 97–9198. GLEATON *v.* MOORE, DIRECTOR, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, ET AL., *ante,* p. 840;

No. 97–9264. GILBERT *v.* MOORE, DIRECTOR, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, ET AL., *ante,* p. 840;

No. 97–9593. TURNER *v.* UNITED STATES ET AL., *ante,* p. 860;

No. 98–17. IN RE VEY, *ante,* p. 808; and

No. 98–5597. CREHORE v. UNITED STATES, *ante*, p. 912. Petitions for rehearing denied.

NOVEMBER 10, 1998

No. 98–5898. IN RE FLOWERS. Petition for writ of mandamus dismissed under this Court's Rule 46.

NOVEMBER 16, 1998

No. D–1970. IN RE DISBARMENT OF KURTZ. Disbarment entered. [For earlier order herein, see 524 U. S. 935.]

No. D–2010. IN RE DISBARMENT OF BEREANO. Bruce Charles Bereano, of Annapolis, Md., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–2011. IN RE DISBARMENT OF WECHSLER. William Alfred Wechsler, of Hartford, Conn., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–2012. IN RE DISBARMENT OF FRIEDMAN. Hirsch Friedman, of Atlanta, Ga., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–2013. IN RE DISBARMENT OF REHBERGER. Robert L. Rehberger, of Forsyth, Ga., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–2014. IN RE DISBARMENT OF MYERSON. Harvey D. Myerson, of New York, N. Y., is suspended from the practice of law in this Court, and a rule will issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.